UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD P. GRIDER, Plaintiff, v. DETECTIVE CONDRATOVICH, *et al.*, Defendants. | Case No. 2:26-cv-00686-MMD-EJY ORDER |

## I. SUMMARY

*Pro se* Plaintiff Ronald P. Grider filed a lawsuit against Defendants under 42 U.S.C. § 1983. (ECF No. 1-1 ("Complaint")) and an application to proceed *in forma pauperis* ("IFP") (ECF No. 1). Before the Court is United States Magistrate Judge Elayna J. Youchah's Report and Recommendation (ECF No. 6 ("R&R")), recommending that the Court dismiss Plaintiff's Complaint without prejudice and without leave to amend and deny Plaintiff's IFP application as moot. Plaintiff timely filed an objection (ECF No. 7 ("Objection")) to the R&R. As further explained below, the Court overrules in part and sustains in part Plaintiff's Objection and adopts in part and rejects in part the R&R. The Court dismisses Plaintiff's Complaint but grants him leave to amend and defers ruling on the IFP application.

## II. DISCUSSION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 7.)

In the R&R, Judge Youchah finds Plaintiff cannot bring a standalone claim under 42 U.S.C. § 1983. (ECF No. 6 at 3.) The Court agrees. Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

In his Objection, Plaintiff argues that he does not bring a standalone Section 1983 claims, rather the allegations in his Complaint "when liberally construed"[1] implicate the Fourth and Fourteenth Amendment. (ECF No. 7 at 1.) The Court agrees with Plaintiff that the factual allegations in his Complaint *may* implicate constitutional rights. In this way, the Court disagrees with Judge Youchah's characterization that the "focus" of Plaintiff's Complaint "is on Defendants' failure to follow FOIA procedures." (ECF No. 6 at 3.) Plaintiff does allege violations of the federal Freedom of Information Act ("FOIA") throughout his Complaint. (ECF No. 1-1 at 3-4, 7, 8.) And the Court agrees with Judge Youchah that any FOIA claim "fails as a matter of law because FOIA only applies to federal agencies, not state agencies or municipalities," such as the Clark County. (ECF Nos. 6 at 3; 1-1 at 2.) Moreover, Plaintiff's Objection does not appear to contest Judge Youchah's conclusion that his FOIA claims fail. (ECF No. 7 at 2.) The Court therefore adopts the R&R to the extent it dismisses Plaintiff's FOIA claims without leave to amend as amendment would be futile. However, the Court sustains Plaintiff's Objection that "FOIA does not form the sole basis of Plaintiff's claims." (*Id.*) The Court liberally construes the Complaint as attempting to assert Fourteenth and Fourth Amendment violations under Section 1983. (*Id.*)

///

[1]The Court agrees with Plaintiff that, as Judge Youchah acknowledges in the R&R, Plaintiff's Complaint must be liberally construed and held to a less stringent standard. (ECF Nos. 6 at 1, 7 at 1) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The Court notes that nearly all non-FOIA incidents described in the Complaint occurred on November 12, 2023. (ECF No. 1-1 at 3, 6-7.) The Court counsels Plaintiff that his claims therefore may be time-barred by the statute of limitations. "[F]ederal courts apply the forum state's personal injury statute of limitations for § 1983 claims." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In Nevada, the statute of limitations for personal injury actions is two years. *See* NRS § 11.190(4)(e). Plaintiff filed his Complaint on March 10, 2026, approximately four months after the two-year state of limitations ran for any violations occurring on November 12, 2023. The Court however will not dismiss the Complaint with prejudice as time barred at this stage. First, it is not "apparent on the face of the [C]omplaint" that Plaintiff's claims are entirely based on events occurring before March 10, 2024. *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citations omitted). Second, Plaintiff may argue that the statute of limitations should be equitably tolled by demonstrating "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The Court will now proceed with screening Plaintiff's liberally construed Fourth and Fourteenth Amendment claims in his Complaint.[2]

**A. Fourteenth Amendment: Fabricated or Withheld Evidence**

Plaintiff alleges Defendants withheld and fabricated evidence. (ECF Nos. 7 at 1; 1-1 at 3-4, 7-8.) These allegations may rise to the level of Fourteenth Amendment violations cognizable under Section 1983. "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.2d 789, 798 (9th Cir. 2017). "As to what constitutes an injury, a § 1983 plaintiff need

---

[2]The Court incorporates the screening standard outlined by Judge Youchah in the R&R. (ECF No. 6 at 1-2.) As most relevant here, "[w]hen reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that … fail to state a claim upon which relief may be granted." (*Id.* at 1 (citing 28 U.S.C. § 1915(e)(2)).)

not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough." *Caldwell v. City and County of San Francisco,* 889 F.3d 1105, 1115 (9th Cir. 2018). To raise a Section 1983 claim for withholding evidence, a plaintiff must demonstrate that "investigating officers, acting with deliberate indifference or reckless disregard for a suspect's right to freedom from unjustified loss of liberty, fail to disclose potentially dispositive exculpatory evidence to the prosecutors, leading to the lengthy detention of an innocent man." *Tatum v. Moody*, 768 F.3d 806, 816 (9th Cir. 2014).

It is unclear if Plaintiff was ever criminally charged or detained because of the allegedly withheld or fabricated evidence. Plaintiff consequently fails to state a Fourteenth Amendment claim on either basis and the Court finds his Complaint must be dismissed, as Judge Youchah ultimately recommends. (ECF No. 6 at 4.) However, the Court sustains Plaintiff's Objection as to leave to amend because "dismissal without leave to amend is improper where amendment could cure pleading deficiencies." (ECF No. 7 at 3); *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court therefore will grant Plaintiff leave to amend his Complaint as to these Fourteenth Amendment claims if Plaintiff alleges he was criminally charged and/or detained for a lengthy period as a result of the fabricated and/or withheld evidence.

**B. Fourth Amendment: Unreasonably Seized Property**

In his Complaint, Plaintiff alleges Defendant Condratovich took custody of "money and property belonging to Plaintiff" (ECF No. 1-1 at 6.) The Complaint states this was a violation because the property "should have been documented as evidence." (*Id.*) In his Objection, Plaintiff generally alleges officials "deprived Plaintiff of property" and that "officers took custody of personal property, including a wallet, cash and related items" which were not only improperly preserved and documented as evidence but also were not returned to him. (ECF No. 7 at 1.) In the Objection, Plaintiff generally invokes Fourth Amendment protection from unreasonable seizures. (*Id.*) Under the Fourth Amendment, a seizure is a "meaningful interference with an individual's possessory interests in [his]

property." *Soldal* v. *Cook County*, 506 U.S. 56, 61 (1992). The Fourth Amendment does not bar government officials from seizing property, it only prevents the government from doing so unreasonably. Property seized under a lawful warrant, for example, generally does not implicate the Fourth Amendment. "A seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States* v. *Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citation omitted). Moreover, even a reasonable seizure may become unreasonable when held beyond a justifiable period of time. *See Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017)

The Complaint does not provide sufficient information for the Court to determine whether the seizure of Plaintiff's property was lawful or unreasonable under the Fourth Amendment. The property was seemingly seized in relation to some investigation, but it is unclear if that investigation is ongoing such that the government has a continuing lawful interest in maintaining the property. The Court will grant Plaintiff leave to amend his Complaint to clarify the circumstances under which his property was seized.

## III. CONCLUSION

It is therefore ordered that Plaintiff's Objection (ECF No. 7) to Judge Youchah's Report and Recommendation (ECF No. 6) is sustained in part and overruled in part.

It is further ordered that Judge Youchah's Report and Recommendation (ECF No. 6) is adopted in part and rejected in part.

It is further ordered that a ruling on Plaintiff's IFP application (ECF No. 1) is deferred.

It is further ordered that the Complaint (ECF No. 1-1) is dismissed without prejudice. Plaintiff's FOIA claims are dismissed without leave to amend. The Court grants Plaintiff leave to amend his Fourteenth Amendment claims of fabricated and withheld evidence and his Fourth Amendment unreasonable seizure claim. The Court does not grant Plaintiff leave to amend any additional claims. The amended complaint will be subject to screening under 28 U.S.C. § 1915(e)(2).

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of the Complaint outlined in this order, Plaintiff must file the first amended complaint within 30 days from the date of entry of this order. Plaintiff is advised that an amended complaint replaces the original complaint and must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff's first amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit

DATED THIS 14th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE